DAVID T. MALOOF (DM 3350)
THOMAS M. EAGAN (TE 1713)
MALOOF BROWNE & EAGAN LLC
411 Theodore Fremd Avenue, Suite 190
Rye, New York 10580-1411
(914) 921-1200
*Attorneys for Plaintiff*

**07 CV 10498**

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

NIPPONKOA INSURANCE COMPANY
LIMITED,

                           *Plaintiff,*

- against -

NORFOLK SOUTHERN RAILWAY
COMPANY and THE KANSAS CITY
SOUTHERN RAILWAY COMPANY,

                         *Defendants.*
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

07 Civ.

**COMPLAINT**

        Plaintiff NipponKoa Insurance Company Limited ("NipponKoa") by its undersigned attorneys, Maloof Browne & Eagan LLC, for their Complaint allege, upon information and belief, as follows:

        1.       This action arises under the Court's federal question jurisdiction (28 U.S.C. 1331 and 49 U.S.C. 11706) and/or supplemental jurisdiction (28 U.S.C. 1367) as hereinafter more fully appears.

        2.       Plaintiff NipponKoa is an insurance company organized and existing under the laws of Japan, with its principal United States place of business in New York, New York, and is the insurer, indemnitor, subrogee and/or assignee of the Shipments that are the subject of this action, as more fully described below.

        3.       Defendant Norfolk Southern Railway Company (hereinafter "Norfolk

Southern" or "Defendant") is a corporation organized and existing under laws of Virginia, was and is doing business as a common carrier of goods by rail for hire, was the delivering rail carrier of the Shipments at issue, and operates a railroad or route within this District, and does business in the State of New York.

4. Defendant Kansas City Southern Railway Company (hereinafter "Kansas City" or "Defendant") is a corporation organized and existing under the laws of the state of Missouri, and was and is doing business as a common carrier of goods by rail for hire, and does business within this District. Kansas City was a rail carrier and/or delivery rail carrier of the Shipments at issue and/or owned, operated and maintained the rail line on which the Shipments at issue were damaged.

5. Venue is proper here within the meaning of 28 U.S.C. § 1391 and 49 U.S.C. 11706(d)(2). All defendants reside within this District within the meaning of 28 U.S.C. § 1391(c).

**A. AUTOMOTIVE PARTS SHIPMENT**

6. On or about March 30, 2006, at the Port of Tokyo, Japan, there was shipped by NipponKoa's assured Nippon Express USA (Illinois) Inc. ("Nippon Express") and loaded aboard the M/V Cherokee Bridge a consignment of Plastic Automotive Parts, then being in good order and condition, in Container YMLU4361427 (the "Auto Parts Shipment"). The Auto Parts Shipment was discharged in Long Beach, California and thereafter delivered into the hands of Defendants in good order and condition. Defendants accepted the Auto Parts Shipment and in consideration of certain agreed freight charges thereupon paid or agreed to be paid, Defendants further agreed to transport and carry said Auto Parts Shipment to Georgia via rail, and there deliver the Shipment in like good order and condition to Plaintiff NipponKoa's assured and/or designee. The Auto Parts Shipment was described in a certain bill of lading numbered YMLUW261105283, dated on or about March 30,

2006.

7. All portions of the carriage were part of an international and interstate transportation of goods.

8. Defendants made delivery of the Auto Parts Shipment, but not in like good order and condition as when shipped, delivered to and received by them, but on the contrary, short and seriously injured and impaired in value, all in violation of Defendants' obligations and duties as common carriers of merchandise by rail for hire, and to perform their services with respect to the Auto Parts Shipment in a careful, workmanlike manner, and otherwise in violation of their duties, including duties to properly inspect, maintain and repair its rail lines.

9. As a direct result of said injury and impairment in value, Nippon Express incurred liability to its customer whose Shipment was substantially damaged. NipponKoa became obligated to pay Nippon Express's customers and has received by Assignment all of Nippon Express's customer's rights, title, and interest in connection with their claims for loss and damage to the Shipment.

10. Plaintiff has and will incur substantial liabilities and losses as a result of the damage to the Auto Parts Shipment.

11. Plaintiff brings this action on its own behalf and as agent, trustee, assignee and/or subrogee, on behalf of and for the interests of all parties interested in and who were damaged as a result of the loss and injury to the said Shipment, as their respective interests may ultimately appear, and Plaintiff is duly entitled to maintain this action.

12. Plaintiff has performed all conditions on its parts to be performed.

13. By reason of the foregoing, Plaintiff has sustained damages, as nearly as the same can now be estimated, no part of which has been paid although duly demanded, in a sum

estimated to be up to or exceeding U.S. $150,000.00.

**B. ENGINE VALVES SHIPMENT**

14. On or about March 29, 2006, at the Port of Nagoya, Japan, there was shipped by Fuji OOZX and Nippon Express and loaded aboard the M/V Cherokee Bridge a consignment of Engine Valves in Container TEXU4763735, then being in good order and condition (the "Engine Valves Shipment"). The Engine Valves Shipment was discharged in Long Beach, California, thereafter delivered into the hands of the Defendants in good order and condition. Defendants accepted the Engine Valves Shipment and in consideration of certain agreed freight charges thereupon paid or agreed to be paid, Defendants further agreed to transport and carry said Engine Valves Shipment to Tennessee, via rail, and there deliver the Shipment in like good order and condition to NipponKoa's assured and/or designee. The Engine Valves Shipment was described in a certain bill of lading numbered YMLUW261105320, dated on or about March 29, 2006.

15. All portions of the carriage were part of an international and interstate transportation of goods.

16. Defendants made delivery of the Engine Valves Shipment, but not in like good order and condition as when shipped, delivered to and received by them, but on the contrary, short and seriously injured and impaired in value, all in violation of Defendants' obligations and duties as common carriers of merchandise by rail for hire, and to perform their services with respect to the Engine Valves Shipment in a careful, workmanlike manner, and in otherwise violation of their duties, including duties to properly inspect, maintain and repair its rail lines.

17. Plaintiff NipponKoa has paid its assured substantial sums as a result of damage to the Engine Valves Shipment. Plaintiff NipponKoa is duly entitled to maintain this action. Plaintiff NipponKoa and its assured have performed all conditions on their parts to be performed.

18.  By reason of the foregoing, Plaintiff NipponKoa has sustained damages, as nearly as the same can now be estimated, no part of which has been paid although duly demanded, in a sum estimated to be up to or exceeding U.S. $60,000.00.

## FIRST CAUSE OF ACTION

### BREACH OF CONTRACT AND OF DUTIES UNDER CARMACK AMENDMENT AND STAGGERS RAIL ACT AS TO THE AUTO PARTS SHIPMENT

19.  Plaintiff incorporates herein by reference the allegations of paragraphs 1 through 18 above.

20.  By reason of the foregoing, Defendants were rail carriers within the meaning of the Carmack Amendment, 49 U.S.C. § 11706 et seq., and the Staggers Rail Act of 1980 and breached their duty of a rail carrier under said law and under the contract of carriage.

21.  By reason of the foregoing, Defendants have caused damage to Plaintiff in an amount estimated to be up to and exceeding U.S. $150,000.00.

## SECOND CAUSE OF ACTION

### TORT DAMAGE TO PROPERTY NEGLIGENCE AND/OR GROSS NEGLIGENCE AND/OR RECKLESSNESS AND/OR WILLFUL CONDUCT AS TO THE AUTO PARTS SHIPMENT

22.  Plaintiff incorporates herein by reference the allegations of paragraphs 1 through 21 above.

23. Defendants, directly or through their employees, agents or independent contractors, each willfully, recklessly or negligently and/or with gross negligence failed to exercise the degree of care in relation to the Auto Parts Shipment which a reasonably careful man would exercise under like circumstances, and/or willfully, recklessly or negligently and/or with gross negligence failed to carry the Auto Parts Shipment such as were reasonably required and would be sufficient to prevent the damage to the Auto Parts Shipment.

24. The Auto Parts Shipment suffered loss as alleged herein, as a proximate result of Defendants' said willful, reckless and/or negligent conduct.

25. Defendants are accordingly liable to Plaintiff in an amount estimated to be or exceed U.S. $150,000.

## THIRD CAUSE OF ACTION

### BREACH OF BAILMENT OBLIGATIONS
### AS TO THE AUTO PARTS SHIPMENT

26. Plaintiff NipponKoa incorporates herein by reference the allegations of paragraphs 1 through 25 above.

27. Defendants at relevant times acted as carrier of goods for hire by land, and/or bailee of or otherwise had a duty to care for the Auto Parts Shipment at the time it was in their custody. Defendants thereby, or through their contractors, agents, servants, or sub-bailees, warranted and had a legal duty to safely keep, care for, and deliver the Auto Parts Shipment in the same condition as when entrusted to them, and/or to perform their services or to ensure that those service were performed with reasonable care and in a non-negligent and workmanlike manner. Defendants breached those obligations and negligently failed to deliver to Plaintiff's assured or its designees the Auto Parts Shipment in as complete and good condition as when entrusted to them.

28.    By reason of the foregoing, the Defendants have caused damage as alleged herein to Plaintiff, and are liable to Plaintiff for such damages in an amount estimated to be or exceed U.S. $150,000.00.

## FOURTH CAUSE OF ACTION

### BREACH OF CONTRACT AND OF DUTIES UNDER CARMACK AMENDMENT AND STAGGERS RAIL ACT AS TO THE ENGINE VALVES SHIPMENT

29.    Plaintiff NipponKoa incorporates herein by reference the allegations of paragraphs 1 through 28 above.

30.    By reason of the foregoing, Defendants were rail carriers within the meaning of the Carmack Amendment and Staggers Rail Act of 1980 and breached their duty of a rail carrier under said law and under the contract of carriage.

31.    By reason of the foregoing, Defendants have caused damage to Plaintiff NipponKoa in an amount estimated to be up to and exceeding U.S. $60,000.00.

## FIFTH CAUSE OF ACTION

### TORT DAMAGE TO PROPERTY NEGLIGENCE AND/OR GROSS NEGLIGENCE AS TO THE ENGINE VALVES SHIPMENT

32.    Plaintiff NipponKoa incorporates herein by reference the allegations of paragraphs 1 through 31 above.

33. Defendants, directly or through their employees, agents or independent contractors, each willfully, recklessly or negligently and/or with gross negligence failed to exercise the degree of care in relation to the Engine Valves Shipment which a reasonably careful man would exercise under like circumstances, and/or willfully, recklessly or negligently and/or with gross negligence failed to provide adequate security measures for the Engine Valves Shipment such as were reasonably required and would be sufficient to prevent the damage to the Engine Valves Shipment.

34. The Engine Valves Shipment suffered loss as alleged herein, as a proximate result of Defendants' said willful, reckless and/or negligent conduct.

35. Defendants are accordingly liable to Plaintiff NipponKoa in an amount estimated to be or exceed U.S. $60,000.00.

### SIXTH CAUSE OF ACTION

### BREACH OF BAILMENT OBLIGATIONS
### AS TO THE ENGINE VALVES SHIPMENT

36. Plaintiff NipponKoa incorporates herein by reference the allegations of paragraphs 1 through 35 above.

37. Defendants at relevant times acted as carrier of goods for hire by land, and/or bailee of or otherwise had a duty to care for the Engine Valves Shipment at the time it was in their custody. Defendants thereby, or through their contractors, agents, servants, or sub-bailees, warranted and had a legal duty to safely keep, care for, and deliver the Engine Valves Shipment in the same condition as when entrusted to them, and/or to perform their services or to ensure that those service were performed with reasonable care and in a non-negligent and workmanlike manner. Defendants breached those obligations and negligently failed to deliver to Plaintiff NipponKoa's assured's

designees or consignees the Engine Valves Shipments in as complete and good condition as when entrusted to them.

38. By reason of the foregoing, the Defendants has caused damage as alleged herein to Plaintiff NipponKoa, and are liable to Plaintiff NipponKoa for such damages in an amount estimated to be or exceed U.S. $60,000.00.

WHEREOF, Plaintiff prays:

1. That judgment may be entered in favor of Plaintiff against Defendants for the amount of each Plaintiff's damages, together with interest and costs, and the disbursements of this action;

2. That this Court will grant to Plaintiff such other and further relief as may be just and proper.

Dated: Rye, New York
November 20, 2007

MALOOF BROWNE & EAGAN LLC

By: _____
David T. Maloof (DM 3350)
Thomas M. Eagan (TE 1713)
411 Theodore Fremd Avenue, Suite 190
Rye, New York 10580-1411
Tel: (914) 921-1200
Fax: (914) 921-1023
Email: dmaloof@maloofandbrowne.com
teagan@maloofandbrowne.com

*Attorneys for Plaintiff*

F:\WP-DOCS\2309.78\110707 Complaint.doc