Barry N. Gutterman, Esq. (BG6410)
Robert Briere, Esq. (RB6080)
Barry N. Gutterman & Associates, P.C.
Attorneys for Defendants
Norfolk Southern Railway Company,
and Kansas City Southern Railway Company
60 East 42nd Street, 46th Floor
New York, New York  10165
(212) 983-1466

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| NIPPONKOA INSURANCE COMPANY LIMITED,<br><br>                              *Plaintiff,*<br><br>        - against -<br><br>NORFOLK SOUTHERN RAILWAY COMPANY and THE KANSAS CITY SOUTHERN RAILWAY COMPANY<br><br>                              *Defendants.* | NO.: 07 CIV. 10498 |

**DEFENDANTS NORFOLK SOUTHERN RAILWAY COMPANY'S**
**AND KANSAS CITY SOUTHERN RAILWAY'S**
**ANSWER AND AFFIRMATIVE DEFENSES TO PLAINTIFFS' COMPLAINT**

Defendants, Norfolk Southern Railway Company ("NSRC") and Kansas City Southern Railway Company ("KCS")(collectively, "the Defendants") by and through their attorneys, Keenan Cohen & Howard P.C., hereby answer Plaintiffs' Complaint and aver Affirmative Defenses, and in support thereof state as follows:

1.      The allegations contained in the corresponding paragraph of plaintiff's complaint are conclusions of law to which no response is required and are accordingly denied.  To the extent that any of said allegations can be construed as factual allegations, they are denied with proof demanded at trial.

2. The Defendants are without sufficient knowledge and information upon which to form a belief as to the truth of the allegations contained in the corresponding paragraph of plaintiff's complaint and, therefore, those allegations are denied with proof demanded at trial.

3. NSRC admits the allegations in the corresponding paragraph of Plaintiff's Complaint. KCS is without sufficient knowledge and information upon which to form a belief as to the truth of the allegations contained in the corresponding paragraph of plaintiff's complaint and, therefore, denies those allegations with proof demanded at trial

4. KCS denies that it was the "delivery rail carrier" of the Shipments at issue herein and denies that it does business in this District. KCS admits the remaining allegations in the corresponding paragraph of Plaintiff's Complaint.

5. The allegations contained in the corresponding paragraph of plaintiff's complaint are conclusions of law to which no response is required and are accordingly denied. To the extent that any of said allegations can be construed as factual allegations, they are denied with proof demanded at trial.

6. NSRC admits that it accepted the Auto Parts Shipment and, in consideration of certain freight charges thereupon paid or agreed to be paid, agreed to carry the Auto Parts Shipment to Georgia via rail and there deliver the Shipment in the same condition in which it was received to the consignee identified on the governing bill of lading. KCS admits that it accepted the Auto Parts Shipment and, in consideration of certain freight charges thereupon paid or agreed to be paid by NSRC, agreed to carry the Auto Parts Shipment via rail and deliver the Shipment in the same condition in which it was received to a point of interchange with NSRC. KCS denies that it agreed to carry the Auto Parts Shipment to Georgia. Both defendants deny that the goods were delivered to them following discharge from a vessel in California, as neither defendant operates track in California. With respect to the remaining allegations in the

corresponding paragraph of plaintiff's complaint, the Defendants are without sufficient knowledge and information upon which to form a belief as to the truth of the allegations contained in the corresponding paragraph of plaintiff's complaint and, therefore, those allegations are denied with proof demanded at trial.

7. The Defendants are without sufficient knowledge and information upon which to form a belief as to the truth of the allegations contained in the corresponding paragraph of plaintiff's complaint and, therefore, those allegations are denied with proof demanded at trial.

8. NSRC admits that it made delivery of the Auto Parts Shipment. The Defendants are without sufficient knowledge and information upon which to form a belief as to the truth of the allegation that the condition of the Shipment at delivery was different than it was when it was received by NSRC and KCS and, therefore, those allegations are denied with proof demanded at trial. With respect to the remaining allegations, they are conclusions of law to which no response is required and are accordingly denied. To the extent that any of said allegations can be construed as factual allegations, they are denied with proof demanded at trial.

9-13. The Defendants are without sufficient knowledge and information upon which to form a belief as to the truth of the allegations contained in the corresponding paragraphs of plaintiff's complaint and, therefore, those allegations are denied with proof demanded at trial.

14. NSRC admits that it accepted the Engine Valves Shipment and, in consideration of certain freight charges thereupon paid or agreed to be paid, agreed to carry the Engine Valves Shipment to Tennessee via rail and there deliver the Shipment in the same condition in which it was received to the consignee identified on the governing bill of lading. Both defendants deny that the goods were delivered to them following discharge from a vessel in California, as neither defendant operates track in California. KCS admits that it accepted the Engine Valves Shipment and, in consideration of certain freight charges thereupon paid or agreed to be paid, agreed to

carry the Engine Valves Shipment via rail and deliver the Shipment in the same condition in which it was received to a point of interchange with NSRC. With respect to the remaining allegations in the corresponding paragraph of plaintiff's complaint, the Defendants are without sufficient knowledge and information upon which to form a belief as to the truth of the allegations contained in the corresponding paragraph of plaintiff's complaint and, therefore, those allegations are denied with proof demanded at trial.

15.     The Defendants are without sufficient knowledge and information upon which to form a belief as to the truth of the allegations contained in the corresponding paragraph of plaintiff's complaint and, therefore, those allegations are denied with proof demanded at trial.

16.     NSRC admits that it made delivery of the Engine Valves Shipment. The Defendants are without sufficient knowledge and information upon which to form a belief as to the truth of the allegation that the condition of the Shipment at delivery was different than it was when it was received by NSRC and KCS and, therefore, those allegations are denied with proof demanded at trial. With respect to the remaining allegations, they are conclusions of law to which no response is required and are accordingly denied. To the extent that any of said allegations can be construed as factual allegations, they are denied with proof demanded at trial.

17-18.  The Defendants are without sufficient knowledge and information upon which to form a belief as to the truth of the allegations contained in the corresponding paragraphs of plaintiff's complaint and, therefore, those allegations are denied with proof demanded at trial.

## FIRST CAUSE OF ACTION

### BREACH OF CONTRACT AND OF DUTIES UNDER
### CARMACK AMENDMENT AND STAGGERS RAIL ACT
### AS TO THE AUTO PARTS SHIPMENT

19. The Defendants incorporate by reference their responses to paragraphs 1 – 18 of Plaintiff's complaint as if fully set forth herein.

20. The allegations contained in the corresponding paragraph of plaintiff's complaint are conclusions of law to which no response is required and are accordingly denied. To the extent that any of said allegations can be construed as factual allegations, they are denied with proof demanded at trial.

21. The allegations contained in the corresponding paragraph of plaintiff's complaint are conclusions of law to which no response is required and are accordingly denied. To the extent that any of said allegations can be construed as factual allegations, they are denied with proof demanded at trial.

## SECOND CAUSE OF ACTION

### TORT DAMAGE TO PROPERTY
### NEGLIGENCE AND/OR GROSS NEGLIGENCE AND/OR RECKLESSNESS
### AND/OR WILLFUL CONDUCT AS TO THE AUTO PARTS SHIPMENT

22. The Defendants incorporate by reference their responses to paragraphs 1 – 21 of Plaintiff's complaint as if fully set forth herein.

23. The Defendants deny the allegations set forth in corresponding paragraph of Plaintiff's Complaint.

24. The Defendants deny the allegations set forth in corresponding paragraph of Plaintiff's Complaint.

25. The allegations contained in the corresponding paragraph of plaintiff's complaint are conclusions of law to which no response is required and are accordingly denied. To the extent that any of said allegations can be construed as factual allegations, they are denied with proof demanded at trial.

## THIRD CAUSE OF ACTION

### BREACH OF BAILMENT OBLIGATIONS
### AS TO THE AUTO PARTS SHIPMENT

26. The Defendants incorporate by reference their responses to paragraphs 1 – 25 of Plaintiff's complaint as if fully set forth herein.

27. The Defendants deny that they were in breach of any obligations and further deny that they negligently failed to deliver the Auto Parts Shipment in as complete and good condition as when entrusted to it. With respect to the remaining allegations of the corresponding paragraph of Plaintiff's Complaint, the Defendants state that said allegations are conclusions of law to which no response is required and are accordingly denied. To the extent that any of said allegations can be construed as factual allegations, they are denied with proof demanded at trial.

28. The Defendants deny that they have caused damage as alleged by Plaintiff. With respect to the remaining allegations of the corresponding paragraph of Plaintiff's Complaint, the Defendants state that said allegations are conclusions of law to which no response is required and are accordingly denied. To the extent that any of said allegations can be construed as factual allegations, they are denied with proof demanded at trial.

## FOURTH CAUSE OF ACTION

### BREACH OF CONTRACT AND OF DUTIES UNDER
### CARMACK AMENDMENT AND STAGGERS RAIL ACT
### AS TO THE ENGINE VALVES SHIPMENT

29.  The Defendants incorporate by reference their responses to paragraphs 1 – 28 of Plaintiff's complaint as if fully set forth herein.

30.  The allegations contained in the corresponding paragraph of plaintiff's complaint are conclusions of law to which no response is required and are accordingly denied.  To the extent that any of said allegations can be construed as factual allegations, they are denied with proof demanded at trial.

31.  The allegations contained in the corresponding paragraph of plaintiff's complaint are conclusions of law to which no response is required and are accordingly denied.  To the extent that any of said allegations can be construed as factual allegations, they are denied with proof demanded at trial.

## FIFTH CAUSE OF ACTION

### TORT DAMAGE TO PROPERTY
### NEGLIGENCE AND/OR GROSS NEGLIGENCE
### AS TO THE ENGINE VALVES SHIPMENT

32.  The Defendants incorporate by reference their responses to paragraphs 1 – 31 of Plaintiff's complaint as if fully set forth herein.

33.  The Defendants deny the allegations set forth in corresponding paragraph of Plaintiff's Complaint.

34.  The Defendants deny the allegations set forth in corresponding paragraph of Plaintiff's Complaint.

35. The allegations contained in the corresponding paragraph of plaintiff's complaint are conclusions of law to which no response is required and are accordingly denied. To the extent that any of said allegations can be construed as factual allegations, they are denied with proof demanded at trial.

## SIXTH CAUSE OF ACTION

### BREACH OF BAILMENT OBLIGATIONS
### AS TO THE ENGINE VALVES SHIPMENT

36. The Defendants incorporate by reference their responses to paragraphs 1 – 35 of Plaintiff's complaint as if fully set forth herein.

37. The Defendants deny that they were in breach of any obligations and further deny that they negligently failed to deliver the Engine Valves Shipment in as complete and good condition as when entrusted to it. With respect to the remaining allegations of the corresponding paragraph of Plaintiff's Complaint, the Defendants state that said allegations are conclusions of law to which no response is required and are accordingly denied. To the extent that any of said allegations can be construed as factual allegations, they are denied with proof demanded at trial.

38. The Defendants deny that they have caused damage as alleged by Plaintiff. With respect to the remaining allegations of the corresponding paragraph of Plaintiff's Complaint, the Defendants state that said allegations are conclusions of law to which no response is required and are accordingly denied. To the extent that any of said allegations can be construed as factual allegations, they are denied with proof demanded at trial.

**WHEREFORE**, defendants, Norfolk Southern Railway Company and Kansas City Southern Railway Company demand judgment in their favor and against plaintiff Nipponkoa Insurance Company Limited, dismissing the Complaint with prejudice.

## AFFIRMATIVE DEFENSES

### FIRST AFFIRMATIVE DEFENSE

1.      Plaintiff has failed to state a claim upon which relief can be granted.

### SECOND AFFIRMATIVE DEFENSE

2.      Plaintiff's claims are barred to the extent that plaintiff failed to satisfy conditions precedent for pursuing the claims set forth in its complaint.

### THIRD AFFIRMATIVE DEFENSE

3.      Plaintiff's claims are barred to the extent they are untimely pursuant to applicable statutory and/or contractual and published tariff limitations.

### FOURTH AFFIRMATIVE DEFENSE

4.      To the extent that plaintiff has incurred any of the alleged damages, it has failed to mitigate said losses or damages.

### FIFTH AFFIRMATIVE DEFENSE

5.      To the extent the movement of the freight at issue was subject to statutory, tariff, or contractual limitations of liability, either specifically agreed to or incorporated from tariffs or governing publications, plaintiff may not recover from the Defendants in excess of such limitations.

### SIXTH AFFIRMATIVE DEFENSE

6.      Any loss or damage incurred by plaintiff, as alleged in its Complaint, was caused in whole or in part by the acts or omissions of plaintiff, and/or its agents, and/or other parties for whom the Defendants are not responsible, including but not limited to their insureds.

### SEVENTH AFFIRMATIVE DEFENSE

7.      The claims asserted in the Complaint are barred by the applicable statute of limitations.

**EIGHTH AFFIRMATIVE DEFENSE**

8. Plaintiff lacks standing to assert any claims against the Defendants, and has no privity of contract with the Defendants in connection with the freight movements at issue.

**NINTH AFFIRMATIVE DEFENSE**

9. In the event that the plaintiff had or has no title or interest in the freight that is the subject of this action, then the plaintiff is not the real party in interest and is not entitled to maintain this suit.

**TENTH AFFIRMATIVE DEFENSE**

10. Plaintiff's common law claims are preempted by federal law.

**ELEVENTH AFFIRMATIVE DEFENSE**

11. The damages complained of herein resulted from or were caused by one or more of the following, all of which are affirmative defenses available under the Carriage of Goods by Sea Act ("COGSA"), 46 U.S.C. § 1300 *et seq*., and/or the Carmack Amendment, 49 U.S.C. § 11706:

    (a)    acts of God;

    (b)    act(s) of public enemy;

    (c)    acts or omission of shipper;

    (d)    act(s) of public authority;

    (e)    inherent vice or nature of goods;

    (f)    acts, neglect, or default of the master, mariner, pilot, or the servants of the carrier in the navigation or in the management of the ship;

    (g)    perils, dangers and accidents of the se or other navigable waters;

    (h)    acts of war;

    (i)    arrest or restraint of princes, rulers or people, or seizure under legal process;

    (j)    strikes or lockouts or stoppage or restraint of labor from whatever cause, whether partial or general: *Provided*, That nothing herein contained shall be construed to relieve a carrier from responsibility for the carrier's own acts;

    (k)    saving or attempting to save life or property at sea;

    (l)    wastage in bulk or weight or any other loss or damage arising from inherent defect, quality or vise of the goods;

    (m)    insufficiency of packing;

    (n)    insufficiency or inadequacy of marks; and

    (o)    latent defects not discoverable by due diligence.

## TWELFTH AFFIRMATIVE DEFENSE

12.    Plaintiff's choice of venue is improper and, therefore, the Court should dismiss Plaintiff's Complaint and/or transfer Plaintiffs' claims to a judicial district where venue would be proper.

## THIRTEENTH AFFIRMATIVE DEFENSE

13.    Plaintiff has failed to join necessary and indispensable parties and, therefore, the Court should dismiss this Complaint.

**WHEREFORE**, defendants, Norfolk Southern Railway Company and Kansas City Southern Railway Company demand judgment in their favor and against plaintiff Nipponkoa Insurance Company Limited, dismissing the Complaint with prejudice.

Dated:    New York, New York
          January 4, 2008

                         By: /s/ Barry Gutterman
                            Barry N. Gutterman, Esq. (BG-6410)
                            Robert Briere, Esq. (RB6080)
                            Barry N. Gutterman & Associates, P.C.
                            60 East 42nd Street, 46th Floor
                            New York, New York 10161
                            (212) 983-1466 (phone)
                            (212) 983-1229 (fax)

                            - And –

                            Of Counsel:

                            Charles L. Howard, Esq.
                            Keenan Cohen & Howard PC
                            One Commerce Square
                            2005 Market Street, Suite 2520
                            Philadelphia, PA 19103
                            (215) 609-1105 (phone)
                            (215) 609-1117 (fax)

                            Attorneys for Defendants
                            Norfolk Southern Railway Company,
                            and Kansas City Southern Railway Company


TO:   Thomas M. Eagan, Esq. (TE1713)
      Maloof Browne & Eagan LLC
      411 Theodore Fremd Avenue, Suite 190
      Rye, New York 10580-1411
      (914) 921-1200 (phone)
      (914) 921-1023 (fax)

      Attorneys for Plaintiffs

NS.2716.AAD.Nipponkoa.1.4.08

12

## **CERTIFICATE OF SERVICE**

I, the undersigned counsel, hereby certify that on January 4, 2008, a true and correct copy of the foregoing Defendants Answers and Affirmative Defenses to Plaintiffs' Complaint was filed electronically. Notice of this filing will be sent to the following party, listed below, by operation of the Court's electronic filing system. Parties may access this filing through the Court's system.

>David T. Maloof, Esquire
>Thomas M. Eagan, Esquire
>MALOOF BROWNE & EAGAN LLC
>411 Theodore Fremd Avenue, Suite 190
>Rye, New York 10580-1411
>
>*Attorneys for Plaintiff*

By:   /s/ Barry N. Gutterman