Paul D. Keenan (admitted *pro hac vice*)
Charles L. Howard (admitted *pro hac vice*)
Keenan Cohen & Howard P.C.
One Pitcairn Place
165 Township Line Rd.
Jenkintown, PA 19046
(215) 609-1110

and

Barry N. Gutterman
Gutterman & Associates
The Lincoln Building
60 East 42nd Street, 46th Floor
New York, NY 10165

*Attorneys for Defendants*

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| NIPPONKOA INSURANCE COMPANY LIMITED,<br><br>         *Plaintiff,*<br><br>   - against -<br><br>NORFOLK SOUTHERN RAILWAY COMPANY<br><br>And<br><br>THE KANSAS CITY SOUTHERN RAILWAY COMPANY<br>         *Defendants.* | NO.: 07 CIV. 10498<br><br>**JUDGE CHIN**<br><br>**DEFENDANTS' CONCISE STATEMENT OF MATERIAL FACTS PURSUANT TO LOCAL RULE 56.1** |

  Defendants Norfolk Southern Railway Company and The Kansas City Southern Railway Company (hereinafter "the Defendants,") by and through their attorneys, Keenan Cohen & Howard P.C., submit Defendants' Statement of Material Facts Pursuant to Local Rule 56.1.

**UNDISPUTED MATERIAL FACTS**

1. Plaintiff Nipponkoa Insurance Company Limited ("Nipponkoa") is an insurance company organized and existing under the laws of Japan, with its principal place of business in the United States in New York, New York, and is the insurer, indemnitor, subrogee and/or assignee of the Shipments that are the subject of this action, as more fully described below. Plaintiffs' Amended Complaint ("Complaint") at ¶ 2.

2. Defendant Norfolk Southern Railway Company (hereinafter "Norfolk Southern" or "Defendant") is a corporation organized and existing under laws of Virginia, was and is doing business as a common carrier of goods by rail for hire and was the delivering rail carrier of the Shipments at issue. Complaint at ¶ 3.

3. The Kansas City Southern Railway Company (hereinafter "KCSR" or "Defendant") is a corporation organized and existing under the laws of the state of Missouri, was and is doing business as a common carrier of goods by rail for hire, and was a rail carrier of the shipment at issue. Complaint at ¶ 4.

4. On or about March 31, 2006, at the Port of Tokyo, Japan, there was shipped by ENPLAS Corporation. ("ENPLAS") of Saitama, Japan and loaded aboard the M/V Cherokee Bridge a consignment of Plastic Automotive Parts, in Container YMLU4361427 (the "Auto Parts Shipment"). The Auto Parts Shipment was discharged at the Port of Long Beach, California and thereafter to rail carriers for rail transport. See ENPLAS Auto Parts Bill of Lading, attached as Exhibit A to the Declaration of Alfonso Gambone In Support of Defendants' Motion for Summary Judgment ("Gambone Declaration"); Complaint at ¶ 6.

5. ENPLAS manufactured the Auto Parts at its factory located in 7-2, Satsuki-cho, Hanuma-Shi, Tochigi, Japan. See Plaintiff's Declaration of ENPLAS Corporation pursuant to

F.R.E. 902 ¶ at 1, attached as Exhibit N to Gambone Declaration.  All inspections of the Auto Parts occurred before the Auto Parts left the factory in Tochigi, Japan which is approximately 140 km from Tokyo.  See Website Excerpt regarding Tochigi, Japan, attached as Exhibit P to Gambone Declaration[1] and Plaintiff's Declaration of ENPLAS Corporation pursuant to F.R.E. 902 at ¶ 3, attached as Exhibit N to Gambone Declaration.

6. Yang Ming Marine Transport Corp. (Yang Ming) issued a separate sea waybill for the container which made up the Auto Parts Shipment ("Yang Ming Auto Parts Waybills").  The Yang Ming Auto Parts Waybills identified Tokyo, Japan as the "port of loading" and Atlanta, Georgia as the "place of delivery."  See Yang Ming Auto Parts Waybill, attached as Exhibit B to Gambone Declaration.

7. Norfolk Southern generated waybills for the rail transport of the container which made up the Auto Parts Shipment ("NS Auto Parts Waybills").  The NS Auto Parts Waybills identifies Long Beach, California as the rail origin and Austell, Georgia as the rail destination.  The NS Auto Parts Waybills also indicate that the Auto Parts Shipment was originally tendered for rail transport to the BNSF Railway in Long Beach, California and then interchanged with Norfolk Southern in Dallas, Texas.  See NS Auto Parts Waybill, attached as Exhibit C to Gambone Declaration.

8. Nipponkoa insured the Auto Parts Shipment.  Complaint at ¶ 2.

9. ENPLAS executed a "Subrogation Receipt" in exchange for the payment of insurance proceeds by Nipponkoa, for claims related to the Auto Parts Shipment.  ENPLAS agreed to "render all reasonable assistance in connection with any actions or proceeding

---

[1] This information was obtained from the following website on March 26, 2009: http://en.wikipedia.org/wiki/Nikk%C5%8D,_Tochigi; see Gambone Declaration at ¶ 16.

undertaken" related to this matter.  See the Subrogation Receipt of ENPLAS, attached as Exhibit D to Gambone Declaration.

10. In response to Defendants' notice of deposition pursuant to Fed. R. Civ. P. 30(b)(6)[2], plaintiff did not designate or produce anyone to testify as to the condition of the Auto Parts Shipment inside the containers either at origin or when it was tendered for domestic rail transportation to BNSF and Norfolk Southern.  See excerpts from the Deposition of Brian W. Daugherty, 47:15 – 48:1-11, attached as Exhibit E to Gambone Declaration.

11. Plaintiff disclosed no information whatsoever during discovery concerning the condition of the Auto Parts Shipment inside the containers when it was tendered for domestic rail transportation to the rail carrier in Long Beach, California.  See Plaintiff's Supplemental Responses to Defendants Requests for Admission, Response No. 2, attached as Exhibit K to Gambone Declaration.

12. Plaintiff has never disclosed the identity of any individual with knowledge of the condition of the Auto Parts Shipment at rail origin, nor has plaintiff produced any evidence of any inspection of the freight inside the containers when the containers were tendered for domestic rail transport.  See Plaintiff's Rule 26(a) Initial Disclosures at ¶ 1 – A, attached as Exhibit L to Gambone Declaration.

13. On or about March 29, 2006, at the Port of Nagoya, Japan, there was shipped by Fuji OOZX, Inc. (OOZX) and loaded aboard the M/V Cherokee Bridge a consignment of Engine Valves, in Container TEXU4763735 (the "Engine Valve Shipment").  The Engine Valve Shipment was discharged at the Port of Long Beach, California and thereafter delivered to

---

[2] A copy of defendants' Rule 30(b)(6) deposition notice, which was marked as an exhibit to all of the depositions given by Nipponkoa's designees, is attached as Exhibit M to Gambone Declaration.

4

Norfolk Southern for rail transport.  See OOZX Engine Valve Bill of Lading, attached as Exhibit F to Gambone Declaration.

14.     OOZX manufactured the Engine Valves at its factory located in 1500-60, Misawa, Kikukawa City, Shizuoka, Japan.  See Plaintiff's Declaration of Fuji OOZX, Inc. pursuant to F.R.E. 902 ¶ 1, attached as Exhibit O to Gambone Declaration.  All inspections of the Auto Parts occurred before the Auto Parts left the factory in Shizuoka, Japan which is approximately 200 km from Tokyo.  See Excerpt from Website regarding Shizuoka, Japan, attached as exhibit Q to Gambone Declaration[3] and Plaintiff's Declaration of ENPLAS Corporation pursuant to F.R.E. 902 at ¶ 3, attached as Exhibit O to Gambone Declaration.

15.     Yang Ming issued a separate sea waybill for the container which made up the Engine Valve Shipment ("Yang Ming Engine Valve Waybills").  The Yang Ming Auto Parts Waybills identified Nagoya, Japan as the "port of loading" and Atlanta, Georgia as the "place of delivery."  See Yang Ming Engine Valve Waybill, attached as Exhibit G to Gambone Declaration.

16.     Norfolk Southern generated waybills for the rail transport of the container which made up the Engine Valve Shipment ("NS Engine Valve Waybills").  The NS Engine Valve Waybills identifies Long Beach, California as the rail origin and Austell, Georgia as the rail destination.  The NS Engine Valve Waybills also indicates that the Engine Valve Shipment was originally tendered for domestic rail transport to the BNSF Railway and then interchanged with Norfolk Southern in Dallas, Texas.  See NS Engine Valve Waybill, attached as Exhibit H to Gambone Declaration.

17.     Nipponkoa insured the Engine Valve Shipment Complaint at ¶ 2.

---

[3]    This information was obtained from the following website on March 26, 2009: http://www.pref.shizuoka.jp/sangyou/sa-530/english/guide/ichi.html; see Gambone Declaration ¶ 17.

18. OOZX executed a "Subrogation Receipt" in exchange for the payment of insurance proceeds by Nipponkoa to its insured for claims related to the Auto Parts Shipment. ENPLAS agreed to subrogate "all … rights of recovery … from the carriers … liable .. and assist you in effecting such recovery." See the Subrogation Receipt of OOZX, attached as Exhibit I to Gambone Declaration.

19. In response to Defendants' notice of deposition pursuant to Fed. R. Civ. P. 30(b)(6)[4], Plaintiff failed to designate or produce anyone to testify as to the condition of the Auto Parts Shipment inside the containers either at origin or when it was tendered for domestic rail transportation to BNSF or Norfolk Southern. See Excerpts of the Deposition of Peter Widmer, 48:14 – 50:6, attached as Exhibit J to Gambone Declaration.

20. Plaintiff disclosed no information whatsoever during discovery concerning the condition of the Engine Valve Shipment inside the containers when it was tendered for domestic rail transportation to the rail carrier in Long Beach, California. See Plaintiff's Supplemental Responses to Defendants Requests for Admission, Response No. 4, attached as Exhibit K to Gambone Declaration.

21. Plaintiff has never disclosed the identity of any individual with knowledge of the condition of the Auto Parts Shipment at rail origin, nor has plaintiff produced any evidence of any inspection of the freight inside the containers when the containers were tendered for domestic rail transport. Plaintiff's Rule 26(a) Initial Disclosures at ¶ 1 – A, attached as Exhibit L to Gambone Declaration.

---

[4] A copy of defendants' Rule 30(b)(6) deposition notice which, was marked as an exhibit to all of the depositions given by Nipponkoa's designees, is attached as Exhibit M to Gambone Declaration.

27. Plaintiff has never disclosed the identity of any expert to testify on any issue in this matter. Gambone Declaration at ¶ 18.

Respectfully submitted,

**KEENAN COHEN & HOWARD P.C.**

By: /s/ Charles L. Howard
Paul D. Keenan
Charles L. Howard
One Pitcairn Place, Suite 2400
165 Township Line Rd.
Jenkintown, PA 19046
Telephone: (215) 609-1110
Facsimile: (215) 609-1117

Attorneys for Defendants, Norfolk Southern Railway Company and Kansas City Southern Railway Company

Dated: March 31, 2009

**CERTIFICATE OF SERVICE**

    I, the undersigned counsel, hereby certify that on March 31, 2009, a true and correct copy of the foregoing Defendants' Statement of Material Facts Pursuant to Local Rule 56.1 was filed electronically.  Notice of this filing will be sent to the following party, listed below, by operation of the Court's electronic filing system.  Parties may access this filing through the Court's system.

        David T. Maloof, Esquire
        Thomas M. Eagan, Esquire
        MALOOF BROWNE & EAGAN LLC
        411 Theodore Fremd Avenue, Suite 190
        Rye, New York 10580-1411

        *Attorneys for Plaintiffs*


        By:   /s/ Charles L. Howard
                  Charles L. Howard