Paul D. Keenan (admitted *pro hac vice*)
Charles L. Howard (admitted *pro hac vice*)
Keenan Cohen & Howard P.C.
One Pitcairn Place
165 Township Line Rd.
Jenkintown, PA 19046
(215) 609-1110

and

Barry N. Gutterman
Gutterman & Associates
The Lincoln Building
60 East 42nd Street, 46th Floor
New York, NY 10165

*Attorneys for Defendants*

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| NIPPONKOA INSURANCE COMPANY LIMITED, | **NO.: 07 CIV. 10498** |
| *Plaintiff,* | **JUDGE CHIN** |
| - against - | **DEFENDANTS' CONCISE STATEMENT OF MATERIAL FACTS PURSUANT TO LOCAL RULE 56.1** |
| NORFOLK SOUTHERN RAILWAY COMPANY | |
| And | |
| THE KANSAS CITY SOUTHERN RAILWAY COMPANY | |
| *Defendants.* | |

Defendants Norfolk Southern Railway Company and The Kansas City Southern Railway

Company (hereinafter "the Defendants,") by and through their attorneys, Keenan Cohen &

Howard P.C., submit Defendants' Statement of Material Facts Pursuant to Local Rule 56.1.

## UNDISPUTED MATERIAL FACTS

**The Parties**

1.      Plaintiff Nipponkoa Insurance Company Limited ("Nipponkoa") is an insurance company organized and existing under the laws of Japan, with its principal place of business in the United States in New York, New York, and is the insurer, indemnitor, subrogee and/or assignee of the Shipments that are the subject of this action, as more fully described below. Plaintiffs' Amended Complaint (DE # 10) at ¶ 2.

2.      Defendant Norfolk Southern Railway Company (hereinafter "NS" or "Defendant") is a corporation organized and existing under laws of Virginia, was and is doing business as a common carrier of goods by rail for hire and was the delivering rail carrier of the Shipments at issue.  Amended Complaint at ¶ 3.

3.      Defendant Kansas City Southern Railway Company (hereinafter "KCS" or "Defendant") is a corporation organized and existing under the laws of the state of Missouri, was and is doing business as a common carrier of goods by rail for hire, and was a rail carrier of the shipment at issue.  Amended Complaint at ¶ 4.

**The Auto Parts Manufactured by Enplas Corporation**

4.      Enplas Corporation manufactured certain freight at issue in this case consisting of auto parts.  Exhibit L, ¶¶ 1-2.  The autoparts were manufactured by Enplas Corporation in Japan. Exhibit L, ¶¶ 1-2.

5.      Enplas Corporation entered into a contract with Nippon Express d/b/a Arrow International ("Nippon Express") for transportation of the auto parts from Japan to Georgia. Exhibit A.

6.    The way bill issued by Nippon Express for the auto parts identifies Enplas Corporation (with an address in Japan) as shipper and Enplas (U.S.A.) Inc. (with an address in Georgia) as consignee and notify party.  Exhibit A.

7.    Nippon Express entered into a contract with Yang Ming Marine Transport Corp. for transportation of the auto parts.  Exhibit B.

8.    The Yang Ming Marine Transport Corp. sea way bill for the auto parts identifies Nippon Express U.S.A. (Illinois) Inc. (with an address in Illinois) as the shipper and consignee. The sea waybill identifies Nippon Express U.S.A. Inc. (with an address in Georgia) as the notify party.  Exhibit B.

9.    Yang Ming (America) Corp. as agent for Yang Ming Marine Transport Corp. entered into a contract with NS known as the intermodal transportation agreement ("ITA"). Exhibit N.  The ITA became effective on August 12, 2004 for a term of five (5) years.  Id.  NS moved the auto parts under the terms of the ITA.  Exhibit N; Exhibit O, ¶¶7-9.

10.    The NS way bill for the auto parts identifies Yang Ming Marine Line (with an address in Callifornia) as shipper and Yang Ming Lines (with an address in Georgia) as consignee.  Exhibit C.

11.    Enplas (U.S.A.), Inc. assigned its rights to make a claim relating to the auto parts to TM Claims Service, Inc. on or about February 7, 2007.  Exhibit D.

12.    TM Claims Service, Inc. assigned its rights to make a claim relating to the auto parts to Nipponkoa on or about November 15, 2007.  Exhibit E.

13.    Nipponkoa's assured with respect to the auto parts shipment is Nippon Express USA (Illinois) Inc.  Exhibit E.

14.    Yang Ming Marine Transport apparently issued a document purporting to assign its rights against NS with respect to claims relating to the auto parts to W K Webster (Overseas) Ltd.  Exhibit F.

15.    The transportation provided by NS and KCS of the auto parts was part of a continuous intermodal movement.  Amended Complaint, ¶ 7.

16.    The auto parts were transported in intermodal containers designed to be utilized in multiple modes of transportation (i.e. truck, ocean, rail).  DE # 22, ¶ 4.

17.    Neither Nipponkoa nor any of its assureds with respect to the shipment of auto parts was, or is, a party to the ITA.  Exhibits A, B, E, N.

**The Engine Parts Manufactured by Fuji OOZX Inc.**

18.    Fuji OOZX Inc. manufactured certain freight at issue in this case consisting of engine parts.  Exhibit M, ¶¶ 1-2.  The autoparts were manufactured by Fuji OOZX, Inc. in Japan. Exhibit M, ¶¶ 1-2.

19.    Fuji OOZX Inc. entered into a contract with Nippon Express for transportation of the engine parts from Japan to Tennessee.  Exhibit G.

20.    The way bill issued by Nippon Express for the engine parts identifies Fuji OOZX Inc. as shipper and consignee.  The Nippon Express way bill identifies TRW Fuji Valva Inc. (with a Tennessee address) as the notify party.  Exhibit G.

21.    Nippon Express entered into a contract with Yang Ming Marine Transport Corp. for transportation of the engine parts.  Exhibit H.

22.    The Yang Ming Marine Transport Corp. sea way bill for the engine parts identifies Nippon Express Co., Ltd (with an address in Japan) as the shipper and Nippon Express

U.S.A. (Illinois) Inc. (with an address in Illinois) as the consignee. The sea waybill identifies Nippon Express U.S.A. Inc. (with an address in Georgia) as the notify party. Exhibit H.

23.    Yang Ming (America) Corp. as agent for Yang Ming Marine Transport Corp. entered into the ITA with NS. Exhibit N. The ITA became effective on August 12, 2004 for a term of five (5) years. Id. NS moved the engine parts under the terms of the ITA. Exhibit N; Exhibit O, ¶¶7-9.

24.    The NS way bill for the engine parts identifies Yang Ming Marine Line (with an address in California) as shipper and Yang Ming Lines (with an address in Georgia) as consignee. Exhibit I.

25.    Fuji OOZX, Inc. assigned its rights to make a claim relating to the engine parts to Nipponkoa on or about March 27, 2007. Exhibit J; Exhibit M, ¶ 6.

26.    Nipponkoa's assured with respect to the engine parts shipment is Fuji OOZX Inc.. Exhibit M, ¶ 6.

27.    Yang Ming Marine Transport apparently issued a document purporting to assign its rights against NS with respect to claims relating to the engine parts to W K Webster (Overseas) Ltd. Exhibit K.

28.    The transportation provided by NS and KCS of the engine parts was part of a continuous intermodal movement. Amended Complaint, ¶ 15.

29.    The engine parts were transported in intermodal containers designed to be utilized in multiple modes of transportation (i.e. truck, ocean, rail). DE # 22, ¶ 13.

Respectfully submitted,

**KEENAN COHEN & HOWARD P.C.**

By:     /s/ Paul D. Keenan
          Paul D. Keenan (*pro hac vice*)
          Charles L. Howard  (*pro hac vice*)
          One Pitcairn Place, Suite 2400
          165 Township Line Rd.
          Jenkintown, PA 19046
          Telephone:    (215) 609-1110
          Facsimile:    (215) 609-1117

          Attorneys for Defendants, Norfolk Southern
          Railway Company and Kansas City Southern
          Railway Company

Dated: October 16, 2009

## <u>CERTIFICATE OF SERVICE</u>

I, the undersigned counsel, hereby certify that on October 16, 2009, a true and correct copy of the foregoing Defendants' Statement of Material Facts Pursuant to Local Rule 56.1 was filed electronically.  Notice of this filing will be sent to the following party, listed below, by operation of the Court's electronic filing system.  Parties may access this filing through the Court's system.

David T. Maloof, Esquire
Thomas M. Eagan, Esquire
MALOOF BROWNE & EAGAN LLC
411 Theodore Fremd Avenue, Suite 190
Rye, New York 10580-1411

*Attorneys for Plaintiffs*

By:    /s/ Paul D. Keenan
       Paul D. Keenan