# 8. Damage and Loss to Shipments

## 8.1 Overview

**8.1.1 Cross reference**  This information replaces former NS Rule 10, 16, 17.5, and former Conrail Items 150, 255, and 250 dated prior to June 1, 1999.

**8.1.2 Purpose**  The purpose of this section is to state NS liability provisions with respect to:

- Damages to or loss or delay of lading, and
- filing claims and litigation regarding damage to or loss or delay of lading.

**8.1.3 In this section**  The following topics will be covered in this section:

| Topic | Section |
|---|---|
| General Terms and Conditions | 8.2 |
| Standard Liability Provisions and Restrictions | 8.3 |
| Carmack Liability Provisions | 8.4 |
| Claims Filing and Processing | 8.5 |
| Joint Line Claims | 8.6 |
| Other Rights and Responsibilities | 8.7 |

**EXHIBIT 14**
to Declaration of Thomas M. Eagan
in Support of Plaintiff's Motion for Summary Judgment

NSGENL 0020

## 8.2 General Terms and Conditions

**8.2.1 Generally Applicable Provisions**

The following terms and conditions apply to all intermodal shipments via NS.

1. This rule supersedes any inconsistent provision elsewhere in this circular.
2. Except when inconsistent with any provision of this circular, all terms and conditions of the Uniform Bill of Lading (published in the Uniform Freight Classification in effect at the time of shipment) shall apply to all shipments under this circular.
3. NS offers two alternative liability provisions: "Standard" liability and "Carmack" liability. **UNLESS LANGUAGE EXPRESSLY SELECTING "CARMACK" IS INCLUDED IN THE ORIGINAL SHIPPING INSTRUCTIONS, ANY TENDER OF FREIGHT FOR TRANSPORTATION UNDER THIS CIRCULAR WILL BE ACCEPTED UNDER "STANDARD" LIABILITY COVERAGE PROVIDED AND NOT UNDER "CARMACK" COVERAGE.**
4. Other levels of reimbursement for cargo loss or damage are available only by written contract signed by an authorized NS official.

## 8.3 Standard Liability Provisions and Restrictions

**8.3.1 General liability**

Subject only to the:

- liability restrictions and limitations in this Standard Liability section,
- provisions of the Uniform Bill of Lading, and
- claim, arbitration and suit filing requirements outlined in the "Claims Filing and Processing" and "Other Rights and Responsibilities" sections below.

NS will pay all claims for loss or damage to freight transported by an NS carrier under this circular.

**8.3.2 Damage claim restrictions**

NS will not be liable for any damage to lading unless that lading moved under this circular and the claimant establishes that either

1. the damage was caused by moisture entering a container or trailer supplied and owned or leased by a NS carrier or another railroad ("Railroad Furnished Container or Trailer") through a defect in the container or trailer, or
2. both
    a) the Shipper loaded shipment in closed, locked and secure trailer and / or container, and was properly loaded, blocked and braced, as provided in the Shipment Section and
    b) the damage occurred, more probably than not, while the lading was in possession of either NS or another carrier which has a contract with NS governing the allocation of such claims.

*Continued on next page*

## 8.3 Standard Liability Provisions and Restrictions, Continued

**8.3.3 All claims restrictions**

The following provisions apply to all claims except as otherwise described in the "Carmack Liability" section below:

a) As a condition precedent to any right to recovery for loss, damage, or delay to cargo, a written claim must be filed within 12 months after delivery of a shipment (or if delivery is not made, within 12 months after a reasonable time for delivery). A claim must include a demand for payment of a specific amount and information sufficient to identify the shipment.

b) NS carriers will not be held liable for any claims or losses; whether direct, indirect, special, consequential or punitive, that result from delay or an interruption of rail services, nor does the Carrier guarantee rail services on any schedules, published, projected or implied.

c) NS carriers do not guarantee adherence to any particular transit or train schedule. NS will not be liable for failure to transport any shipment by any particular train or in time for any particular market.

d) NS carriers NS will not be liable for loss, damage, or delay caused by:
   - an act of God
   - a public enemy
   - the authority of law
   - riots
   - strikes
   - acts of civil disobedience
   - an inherent quality or characteristic in the commodity
   - natural shrinkage
   - an act or default of shipper, consignor, consignee, owner, or any contracting party, or
   - the stoppage and holding in transit of lading at the request of the shipper, consignor, consignee, owner, or any contracting party.

   However, if any loss or damage arises both from NS carrier negligence and from an act or omission of any other party involved in the transportation process (such as shipper, consignor, consignee, owner, another railroad, contracting party, etc.), NS will be liable for that portion of the loss or damage caused by NS carrier negligence.

e) NS's liability will not extend beyond the actual physical loss or damage to the cargo itself, plus any costs reasonably incurred in efforts to mitigate the loss or damage. NS will not be liable for attorney fees (except to the extent permitted in "Lawsuits and Arbitrations" in the "Other Rights and Responsibilities" sections below), for interest, or for special, consequential, indirect or punitive damages. Unless amended by written agreement signed by an authorized NS official prior to shipment (see "Counteroffer" in Terms and Conditions" in "General Contract Conditions" section), NS's liability for loss, damage or delay to any shipments under this circular shall be limited to the lesser of the destination value of the cargo or $250,000.

## 8.3 Standard Liability Provisions and Restrictions, Continued

**8.3.3 All Restrictions (continued)**

f) NS shall not be liable for any claims of less than a minimum claim amount of $250.
g) NS does not make any representations as to the suitability of cargo for rail transportation. The Shipper acknowledges also that there are significant differences in the forces exerted on the cargo in rail transportation that may require additional packing measures for the cargo to move safely. NS does not provide mechanical protective service under this circular. NS is not liable for temperature related damage to cargo itself or to the container or trailer or other equipment, regardless of whether shipper requested mechanical protective service or made such arrangement with another carrier or company, and no failure to take any action with regard to protective service shall constitute carrier negligence under paragraph (c) of "All Claims Restrictions" or otherwise.
h) NS will not be liable for any loss, damage or delay arising from any defect in trailer or container (including chassis and tie down devices and equipment), unless it is a railroad furnished container or trailer.
i) NS will not be liable for more than $250 per shipment for that portion of any claim attributable to federal or state taxes or duties on distilled spirits, wine, or beer.
j) NS will not be liable for any loss, damage, or delay to lading to any party other than the Rail Services Buyer. NS will not be under any obligation to process any claim by any person other than the Rail Services Buyer.
k) NS will not be liable for damage to lading due to the position (open or closed) of vent openings of vented trailers, nor will NS be responsible for monitoring the position of said vents while the unit is in its possession, nor will NS be liable for damage to lading as a result of vents admitting rain, snow, dirt, etc.
l) NS will not be liable for damage arising from atmospheric conditions when articles loaded on open-top or flatbed trailers are not adequately covered. Protective covering must be furnished and installed by the consignor.
m) As a condition precedent to any right to recovery for reimbursement for repairs to equipment, a written claim must be filed within 12 months after delivery of a shipment (or if delivery is not made, within 12 months after a reasonable time for delivery). A claim must include a demand for payment of a specific amount and information sufficient to identify the repairs made.

## 8.4 Carmack Liability Provisions

**8.4.1 Carmack liability**

The following provisions apply to shipments made under Carmack Liability.

1. For freight accepted under Carmack liability provision, NS carriers will have traditional, common law carrier liability as codified in 49 U.S.C. 11706 (the "Statute"). Carmack Liability is offered only for shipments which would have been subject to the Statute if intermodal traffic were not exempt from the Statute, and not for any foreign, ocean or other movement to which the Statute is otherwise inapplicable.
2. To the extent permitted by the Statute, NS carriers adopt all of the provisions for "Standard" Liability. As one example, the time limit for filing claims under "Standard" Liability applies to "Carmack" coverage under this section as well as to "Standard" coverage.
3. Any provision of the "Standard" Liability provision section which is not permitted by the Statute shall not apply to Carmack coverage under this section. As one example, the $250,000 limitation of liability coverage under Standard Liability does not apply to any shipment under Carmack coverage.
4. Rates for shipments subject to this circular do not include Carmack coverage, unless the rate quote expressly states otherwise in writing. Carmack coverage may be obtained through a negotiated special rate authority, but in no case will be less than the applicable FAK rate plus 50% of that rate. Payment for Carmack coverage for a shipment shall be subject to all of the same terms and conditions, including due date, that govern payment of the basic freight charges on that shipment.

NSGENI.0025

## 8.5 Claims Filing and Processing

**8.5.1 Claim Content**

1) In any claim for loss, damage, or delay, claimant shall include:
    a) equipment initials and number, shipper's name, consignee's name, notify party's name, shipping date, and commodity
    b) records (such as bill of lading, shipping manifest, or purchase or sales documents) or certification to establish
        (1) delivery to a NS carrier
        (2) the level of NS cargo claim coverage contracted for the shipment if other than Standard, and
        (3) condition and quantity of cargo at origin
    c) verification of the amount claimed, such as repair bills or certified invoices, and
    d) verification that claimant is the party entitled to payment of the claim.
2) Except where otherwise necessitated by wreck or derailment, claimant shall also include in any such claim:
    a) records verifying condition and quantity of the cargo when received at the destination stated in the shipping instructions
    b) origin and destination seal records, and
    c) evidence of disposition of any damaged cargo in compliance with requirements of this section.

**8.5.2 Where to file claims**

Claimants must file any claims for loss, damage or delay to lading with:

Norfolk Southern Corporation
National Customer Service Center Freight Claim Settlement
Attn: Intermodal Claims
185 Spring Street, SW, Box 153
Atlanta, GA 30303-0153

**8.5.3 Where to call**

For answers to any questions about claim filing, claimants may call this toll free number:
(800) 742-6315

## 8.6 Joint Line Claims

**8.6.1 Carmack coverage**

For through rail shipments over both NS carriers and other non-NS carrier(s) ("Interline Shipments"), Carmack coverage is available only if the contract for carriage for the Interline Shipment over the non-NS rail carrier(s) also includes Carmack coverage. Carmack coverage is not available for any foreign, ocean or other inland part of a movement if that part of the movement would not have been subject to the Statute in the case of regulated shipments.

**8.6.2 All claims**

NS's liability for any Interline Shipment (and for the inland portion of any ocean/inland through shipment) shall not exceed the liability of any other carrier in the movement unless claimant can establish that the loss, damage or delay creating liability occurred while the Interline Shipment was in the possession of NS Carriers.

## 8.7 Other Rights and Responsibilities

**8.7.1 Origin rights and responsibilities**

Unless special loading, bracing, and blocking for a particular shipment is approved in advanced and in writing by an authorized NS official, all loading, bracing, and blocking must comply with all applicable AAR rules, circulars, pamphlets and/or general information series publications and with all applicable NS loading pamphlets, diagrams, manuals, publications, and/or procedures. NS has the right to inspect, weigh and reject shipments at origin for not complying with any applicable loading requirements.

**8.7.2 Mitigation of damages and salvage**

Claimants and all other contracting parties must mitigate damages as much as possible. Whenever possible, consignees should accept damaged cargo. When NS is liable for cargo damage and the associated salvage is retained by consignee or claimant, NS will reimburse claimant for all expenses reasonably incurred in disposing of the cargo. In computing the claim amount due, a credit for retained salvage will be allowed at the actual, fair market value of the retained lading at the time of delivery and in its damaged condition.

*Continued on next page*

## 8.7 Other Rights and Responsibilities, Continued

**8.7.3 Notification and verification**

The following provisions apply to notification and verification of damage:

(a) Claims for less than $250 are not to be reported. If damage in excess of $250 is visible or obvious upon unloading and appears to be associated with a defect in the trailer or container, claimant must arrange for the destination railroad to be notified as soon as commercially practical and no later than by the end of the next working day following discovery of the damage. In all other cases of discovery of damage in excess of $250 (including "concealed" damage), the destination railroad must be notified within five working days after delivery.

(b) Notification of damaged cargo must comply with the procedures contained in the NS form "Procedures and Form for Lading Loss or Damage Notification", and include, at a minimum, complete responses to each of the items listed under the "Information Needed" portion of that attachment. To obtain the NS form "Procedures and Form for Lading Loss or Damage Notification" please contact our Claims department at 1-800-742-6315.

(c) Consignee shall keep damaged lading available for inspection by the destination railroad for 15 days after notification unless the destination railroad approves prior disposition. NS will not unreasonably withhold approval for prior disposition of salvage without destination inspection.

(d) Failure of the destination railroad to inspect damaged cargo for any reason will not relieve the claimant from the requirement of establishing that cargo was delivered in a damaged condition and was properly blocked and braced. Failure of the destination railroad to inspect damaged cargo for any reason will not be considered an admission of liability by NS.

*Continued on next page*

## 8.7 Other Rights and Responsibilities, Continued

**8.7.4 Lawsuits and arbitration**   The following provisions apply to lawsuits and arbitration:

(a) As a condition precedent to any right of recovery, any lawsuit or arbitration proceeding involving a claim for loss, damage or delay to cargo must be commenced within one year after receipt of written notice from NS declining the claim in full or in part. If suit is not filed or request for arbitration received by NS within that one-year period, claimant shall have no right of recovery.

(b) Lawsuits shall be filed only in a court of competent jurisdiction in Roanoke, Virginia; Norfolk, Virginia; Atlanta, Georgia; or Chicago, Illinois, or at the NS origin or NS destination of the Shipment on which the claim was made; or at any location on NS where the loss, damage or delay is known to have occurred.

(c) If an amount in dispute between NS and claimant is less than $100,000, both claimant and NS shall have a right to mandatory arbitration under "Other Rights and Responsibilities" section, and claimant will not file any lawsuit against NS or any NS Carrier, except as may be necessary to require NS or a NS Carrier to comply with the arbitration provisions of this "Other Rights and Responsibilities" section. This agreement to arbitrate and waiver of right to sue for less than $100,000 may be enforced by an action for injunction of specific performance.

(d) In the event of arbitration, NS will select a forum and procedure which will provide competent, impartial, and independent arbitrator(s). Except as provided in following paragraph (e), each party will bear its own expenses of preparing for arbitration, and the costs of arbitration itself shall be divided evenly, except that if the arbitrator(s) find either NS or the claimant to be asserting a position completely without merit, that party will pay all costs and expenses of the arbitration itself. If either claimant or NS files suit for recovery for, or determination of rights with regard to, loss, damage or delay to cargo other than a suit to enforce arbitration, the party filing that suit shall pay all of the other party's costs and expenses arising from or in connection with the resulting litigation, including attorney fees.

(e) If the amount in dispute between NS and claimant is less than $500, all costs and expenses of the arbitrating entity and its arbitrator(s) shall be borne (1) by NS if the arbitrator(s) finds that NS's position in declining the claim was clearly inaccurate or clearly contrary to the weight of the evidence, or (2) by the claimant in all other cases.

# 8.8 Additional Terms And Conditions For Shipments Moving Into And Out Of Mexico

All shipments being transported over the lines of NS where the ultimate rail origin or rail destination is located in Mexico are subject to the following additional terms and conditions:

(1) NS assumes no responsibility for any loss of or damage to the lading occurring in Mexico.

(2) NS and connecting United States rail carriers will not be responsible for unlocated loss of or damage to the lading unless the claimant can show by preponderance of the evidence that the loss of or damage to the lading occurred in the United States.

(3) All claims for loss of or damage to lading occurring in Mexico must be presented to the Mexican rail carrier. Filing of claim with the Mexican rail carrier does not constitute filing of claim with NS or another United States rail carrier for the purposes of these Rules.

(4) It is the duty of the Shipper to provide all necessary documents, permits, authorizations and other paperwork required for the shipment to enter or leave the United States or Mexico.

(5) NS assumes no responsibility for any expenses or losses incurred by Shipper or Consignee that result from delays and problems in clearing Customs.

(6) All freight rates quoted from shipments moving into or out of Mexico are limited liability rates. Unless otherwise expressly agreed to in writing by NS, the maximum liability of NS and the other participating United States rail carriers in the movement shall be the lesser of the maximum liability established by the limited liability rate set by the Mexican rail carrier or carriers and the maximum liability of $250,000 US established by Rule 8.3.3.e. of this Intermodal Rules Circular. By agreeing to ship lading pursuant to the quoted freight rate, Shipper acknowledges that it has had the opportunity to request a full Carmack liability rate for shipments originating in the United States and has elected to not so in exchange for a reduced freight rate.

(7) In the event of a conflict between the terms of this sub-Rule 8.8 and the other terms and conditions of Rule 8, the terms of this sub-Rule 8.8 will govern.

(8) This Rule also applies to loss and damage to lading occurring during the Mexican drayage portion of the movement where such drayage is covered by a rail through bill of lading covering the origin or destination drayage of the lading in Mexico.

NSGENL 0031