# Nippon Express  WAYBILL  (COMBINED TRANSPORT DOCUMENT)

RECEIVED the goods or the container(s) or package(s) said to contain the cargo herein mentioned in apparent good order and condition unless otherwise indicated, to be transported and delivered or transhipped as herein provided.
The receipt, custody, carriage, delivery and transhipping of the goods are subject to the terms and conditions on the face and back hereof, whether written, typed, stamped or printed.

**Shipper**
ENPLAS CORPORATION
2-20-10, YAHEI, KAWAGUCHI-SHI,
SAITAMA 332-0002 JAPAN
TRI#:870892810492

**Waybill Number**
YOLS4273480

**Consignee**
ENPLAS (U.S.A.) INC.
1901 WEST OAK CIRCLE, MARIETTA,
GEORGIA 30062, U.S.A.

**Export Reference**

**Forwarding Agent-Reference**
20-4273480 SALES GROUP NO.3
YOLS4273482    OTI LICENSE NO.16327N

**Notify Party**
ENPLAS (U.S.A.) INC.
1901 WEST OAK CIRCLE, MARIETTA,
GEORGIA 30062, U.S.A.

**Point and Country of Origin**
JAPAN

**For Cargo Release, Contact:**
NIPPON EXPRESS U.S.A., INC.
ATLANTA BRANCH
5176 PELICAN DRIVE
ATLANTA, GA 30349 U.S.A.
TEL: (770)996-0702

| Pre-carriage by | Place of Receipt YOKOHAMA, CY | |
|---|---|---|
| Ocean Vessel/Voy. No. CHEROKEE BRIDGE 16E | Port of Loading TOKYO, JAPAN | Routing of Transportation |
| Port of Discharge LONG BEACH, U.S.A. | Place of Delivery MARIETTA, GA. CONSIGNEE'S DOOR | Final Destination (for the Merchant's reference only) |

**Particulars Furnished by Shipper**

| Marks and Numbers Container No. and Seal No. | No. of Pkgs or Containers | Description of Packages and Goods Type or Kind of Packages or Containers | Gross Weight | Measurement |
|---|---|---|---|---|
| ENPLAS (IN DIAMOND) MARIETTA, GA C/NO.1-6 MADE IN JAPAN<br><br>ENPLAS (IN DIAMOND) MARIETTA, GA C/NO.303001-303518<br>    503001-503038<br>    503042-503051<br>MADE IN JAPAN | 1 CONTAINER<br>566 CARTONS<br>8 PALLETS<br>(= 220 BAGS)<br>**********<br>572 PACKAGES<br>(= 786 PACKAGES)<br>(40' X 1 CONTAINER) | 'SHIPPER'S LOAD & COUNT'<br>ORIGIN: JAPAN<br>FREIGHT: PREPAID<br>INVOICE NO.: EJ45518P<br>                EJ45519P<br>PLASTIC PARTS: 1,447,120 PCS<br>PLASTIC RESIN: 5,500 KG<br>YOUR P/O#: 1244<br><br>FREIGHT PREPAID AS ARRANGED | 8950 KGS<br><br>(CONT NO.)<br>YMLU4361427(40') | 37.355 M3<br><br>ORIGINAL<br><br>(SEAL NO.)<br>YML5792951 |

Declared Value USD _____ SAY ONE (1) CONTAINER ONLY. If Merchant enters a value, the Ad Valorem rate will be charged.
These commodities licensed by U.S. for ultimate destination. Diversion contrary to U.S. Law prohibited.

| Freight & Charges | R/T | Rate | Per | Prepaid | Collect |
|---|---|---|---|---|---|
| | | | | 'FREIGHT PREPAID AS ARRANGED' | --- |

| Ex. Rate @¥ | Prepaid at YOKOHAMA, JAPAN | Payable at | Place of Waybill(s) issue YOKOHAMA, JAPAN | Dated MAR.31,2006 |
|---|---|---|---|---|
| | Total Prepaid in Yen | No. of original Waybill(s) ONE (1) | IN WITNESS WHEREOF, the number of Waybill(s) stated herein, all of the same tenor and date, has been signed. | |

AS CARRIER, NIPPON EXPRESS U.S.A. (ILLINOIS), INC.
NIPPON EXPRESS CO., LTD.

Laden on board the Vessel
Vessel: CHEROKEE BRIDGE
Port of Loading: TOKYO, JAPAN
Date: MAR.31,2006
By: [signature]

By: [signature]
YOKOHAMA INTL TRANSPORT BRANCH
AS AGENT FOR THE CARRIER

**ENPLAS**

EXHIBIT A
to Declaration of Anthony Smith

# 陽明海運股份有限公司
## YANG MING MARINE TRANSPORT CORP.

**NON-NEGOTIABLE SEA WAYBILL**

| Field | Value |
|---|---|
| Shipper | NIPPON EXPRESS U.S.A. (ILLINOIS) INC. SCAC CODE:NPNE<br>950 NORTH EDGEWOOD AVENUE,<br>WOOD DALE, IL 60191 U.S.A.<br>TEL:(630)350-0202 FAX:(630)350-1038 |
| Booking No. | TYOU1103819 |
| Waybill No. | WAYBILL YMLUW261105283 |
| Export References | AUTO-NVO/NPNE |
| Consignee | NIPPON EXPRESS U.S.A. (ILLINOIS) INC. SCAC CODE:NPNE<br>950 NORTH EDGEWOOD AVENUE,<br>WOOD DALE, IL 60191 U.S.A.<br>TEL:(630)350-0202 FAX:(630)350-1038 |
| Forwarding agent references | |
| Point and Country of Origin of goods | T11 |
| Notify party | NIPPON EXPRESS U.S.A., INC.<br>ATLANTA OCEAN CARGO BRANCH<br>5176 PELICAN DRIVE<br>ATLANTA, GA 30349<br>TEL:404-996-0702 |
| Also Notify | |
| Precarried by | |
| Place of Receipt | YOKOHAMA CY |
| Onward Inland routing | Auto NVOCC B/L |
| Vessel | CHEROKEE BRIDGE |
| Voy No. | 16E |
| Port of Loading | TOKYO, JAPAN |
| Port of Discharge | LONG BEACH, CA |
| Place of Delivery | ATLANTA, GA CY |
| Delivery status | Micro Bridge Ramp Service (IPI) |

### PARTICULARS FURNISHED BY MERCHANT

| MKS & NOS/CONTAINER NOS | NO OF PKGS | DESCRIPTION OF PACKAGES AND GOODS | Measurement (M3) / Gross Weight (KGS) |
|---|---|---|---|
| 1 CONTAINER | | SHIPPER'S LOAD, COUNT AND SEALED.<br>786 PACKAGES | 37.3550M3<br>8,950.0000KGS |
| ENPLAS (IN DIAMOND)<br>MARIETTA, GA<br>C/NO. 1-6<br>MADE IN JAPAN<br><br>ENPLAS (IN DIAMOND)<br>MARIETTA, GA<br>C/NO. 303001-303518<br>503001-503038<br>503042-503051<br>MADE IN JAPAN | | AUTOPARTS<br>HOUSE B/L NO : YOLS4273480<br><br>566 CARTONS<br>6 PALLETS<br>(= 220 BAGS) | FREIGHT PREPAID<br>LOADED ON BOARD<br>CHEROKEE BRIDGE<br>VOY: 16E<br>AT: TOKYO<br>ON: MAR/30/06<br>CRD: MAR/23/06 |
| YMLU4361427 40DC | FCL/FCL | YML5792951 786PACKAGES 8,950.0000KGS | 37.3550M3 |

Declared value $  If Merchant enters value of Goods and pays the applicable ad valorem rate, Carrier's package limitation shall not apply. See Clause 23 (2)&(3) hereof.

Place and Date of Issue: YOKOHAMA MAR/30/06
On Board Date: MAR/30/06

| ITEM NO | CHGS | RATED AS | PER | RATE | PREPAID | COLLECT |
|---|---|---|---|---|---|---|
| | | | | FREIGHT AS ARRANGED | | |

SEA WAYBILL NO. YMLUW261105283

The receipt, custody, carriage and delivery of the goods are subject to the terms appearing on the face and back hereof and to carrier's applicable tariff.

Delivery of the Goods will be made to the Consignee or his authorized representative upon proper proof of identity and authorization without the need of producing or surrendering a copy of this Sea Waybill.

YANGMING (JAPAN) CO., LTD.

Rate of Exchange
Number of Original Sea Waybill: ONE
Total
payable at

By _____ as agent for Yang Ming Marine Transport Corporation, as carrier

*:Applicable only when used for multimodal or through transportation

**ENPLAS**

EXHIBIT B
to Declaration of Anthony Smith

3

**Crawford**
Marine & Transportation

U. Peter Widmer
Senior Marine Representative

November 13, 2006

INTERESTED UNDERWRITERS PER
W.K. Webster (Overseas) Ltd.
80 Maiden Lane
12th Floor
New York, NY 10038

NOV 15 2006

Attn.: Mr. Anthony Smith

RE:  Nippon Express USA, Inc.

**FINAL REPORT**
**PRIVATE & CONFIDENTIAL SURVEY REPORT NUMBER: 2730-2009**

| | | |
|---|---|---|
| PRINCIPAL | : | W.K. Webster (Overseas) Ltd.<br>80 Maiden Lane<br>12th Floor<br>New York, NY 10038 |
| YOUR FILE NO. | : | 10/06/11163 |
| ASSURED | : | Nippon Express USA, Inc.<br>5176 Pelican Drive<br>Atlanta, GA 30349 |
| INSURER | : | NipponKoa Insurance Company of America<br>14 Wall Street<br>Suite 812<br>New York, NY 10005 |
| THEIR FILE NO. | : | Not advised |
| CONVEYANCE | : | CHEROKEE BRIDGE, V. 16E, Rail, Truck |
| CARRIER | : | Yang Ming Marine Transport Corporation,<br>Norfolk Southern Railway Company |
| BILL OF LADING | : | YNLUW261105283<br>(Yang Ming Marine Transport Corporation) |
| DATE | : | March 30, 2006 |

EXCELLENCE IN EVERYTHING WE TOUCH
ENPLAS

5620 Glenridge Drive NE ■ Atlanta, GA 30342 ■ (404) 847-4534 ■ Fax (404) 240-4832 ■ E-mail
peter_widmer@us.crawco.com ■ www.crawfordandcompany.com

**EXHIBIT C**
to Declaration of Anthony Smith    8

| | | |
|---|---|---|
| BILL OF LADING | : | YOLS4273480 (Nippon Express USA, Inc.) |
| DATE | : | March 31, 2006 |
| VOYAGE | : | Saitana, Japan – Yokohama – Tokyo – Long Beach, CA – Atlanta, GA – Marietta, GA |
| CONTAINER NO. | : | YMLU 4361427 (40' DC), original container<br><br>NCEU 956335 (48'), transloaded container |
| SHIPPER | : | Enplas Corporation<br>2-20-10, Yahei<br>Kawaguchi City<br>Saitama 332-0002<br>JAPAN |
| CONSIGNEE | : | Enplas (U.S.A.), Inc.<br>1901 West Oak Circle<br>Marietta, GA 30062 |
| RECOMMENDED RESERVE: | | $ 190,000.00 |
| CARGO INTERESTS: | | 1.<br>6 Pallets, 220 bags @ 25 Kgs. /Bag, 5,500 Kgs. net, Plastic Resins |
| INVOICE NO. | : | EJ45518N |
| DATE | : | March 20, 2006 |
| AMOUNT | : | ¥ 6,420,570.00 |
| TERMS OF SALE | : | FOB Tokyo |
| | | 2.<br>552 Cartons Plastic Parts for Carburetor Engines (Floats)<br><br>14 Cartons Plastic Parts for Automobile (Caps) |
| INVOICE NO. | : | EJ45519P |

**ENPLAS**
5620 Glenridge Drive NE ■ Atlanta, GA 30342 ■ (404) 847-4534 ■ Fax (404) 240-4832 ■ E-mail peter_widmer@us.crawco.com

2

9

| | | |
|---|---|---|
| DATE | : | March 20, 2006 |
| INVOICE VALUE | : | ¥ 15,674,974.00 |
| TERMS OF SALE | : | CIF U.S.A. |
| PLACES OF SURVEYS: | | Nippon Express USA, Inc.<br>5176 Pelican Drive<br>Atlanta, GA 30349 |
| | | Warehouse of<br>Enplas (U.S.A.), Inc.<br>1920 West Oak Circle<br>Marietta, GA 30062 |
| DATES OF SURVEYS: | | May 10 and 11, 2006 |

ATTENDING:    May 10, 2006:

- Mr. Kazuo Nishizaki, Nippon Express USA, Inc.
- U. Peter Widmer, Crawford Marine & Transportation, representing Nippon Express' Insurers.

May 11, 2006:

- Mr. Tatsuo (Tim) Houjyo, Enplas (U.S.A.), Inc.
- Mr. R.A. (Pete) Gilchrist, Enplas (U.S.A.), Inc.
- Ms Dana LeGrand, Enplas (U.S.A.), Inc.
- Mr. Osamu Murasawa, Nippon Express USA, Inc.
- Mr. Patrick Davidson, VeriClaim Inc., representing Cargo Insurers
- U. Peter Widmer, Crawford Marine & Transportation, representing Nippon Express' Insurers.

Please refer to our previous report directed to your attention on May 16, 2006.

## FINDINGS SUMMARY AND FURTHER INVESTIGATION

At the time of our survey at the consignee's, Enplas (U.S.A.), Inc's premises on May 11, 2006, these consignees did not unload the cargo from the replacement container No. NCEU 956335. Therefore our inspection was limited due to restricted access to the goods and time constraints.

**ENPLAS**
5620 Glenridge Drive NE ■ Atlanta, GA 30342 ■ (404) 847-4534 ■ Fax (404) 240-4832 ■ E-mail peter_widmer@us.crawco.com

3

10

However, the attending parties determined that the 220 Bags of Plastic Resins were no longer stowed on the original six (6) pallets and several bags were crushed and / or torn and showed leakage / spillage of resin.

Several of the 566 Cartons of Plastic Automotive Parts, consisting of Carburetor Floats and Valve Seat, Air Assist and Cylinder Caps, were dented and crushed. One (1) carton of Plastic Carburetor Floats selected at random was opened and the carton and some floats were examined. We found traces of plastic on the carton, which showed that the floats had rubbed and impacted against the carton and against one another, thereby damaging the floats.

Following their examination of the overall condition of the cargo, Enplas (U.S.A.), Inc.'s representatives advised as follows:

- The various resins could not be utilized for Enplas (U.S.A.), Inc.'s production if they were in any way exposed to an uncontrolled environment or contaminated, as product quality could no longer be guaranteed. Furthermore, they advised that the resins have different melting points, and that even a minute quantity of the wrong resin adhering to a bag containing a different resin or otherwise finding ingress into the production machinery could cause a machinery breakdown and downtime / loss of production.

- Due to the nature and intended usage of the plastic automotive parts, with corresponding safety and product liability issues, these items would most probably not meet the Enplas (U.S.A.) Quality Standards and could not be sold or utilized. The representatives advised that while Enplas (U.S.A.), Inc.'s QC personnel could conduct a quality inspection of all such parts, they were not equipped to determine if these parts were damaged due the derailment, e.g. detect hairline cracks, abrasions or deformations.

The concerned parties agreed that Enplas (U.S.A.), Inc. would arrange to unload the distressed goods and place them into storage pending their further disposition.

The undersigned and the surveyor attending on behalf of the Cargo Insurers recommended that to determine and demonstrate the extent of loss and to mitigate the same, Enplas (U.S.A..), Inc. should proceed as follows:

1. Unload all goods and establish an exact list of all remaining cargo to determine all products lost/destroyed in the derailment.

2. Inspect the goods during or after unloading.

3. Separate the goods as follows:

- Sound and intact goods, which can be used as intended

**ENPLAS**
5620 Glenridge Drive NE ■ Atlanta, GA 30342 ■ (404) 847-4534 ■ Fax (404) 240-4832 ■ E-mail peter_widmer@us.crawco.com

4

11

- Goods which cannot be utilized due to actual or potential damages.

we asked that Enplas (U.S.A..), Inc. provide us with their list of sound and damaged items, as well as their QC / Inspection Report evaluating the goods, and with their Quality Control Standards, Rules, Procedures, etc., upon completion of the foregoing,

We also asked that Enplas (U.S.A.), Inc. advise the cost of the aforementioned operations, i.e. the required labor hours and the applicable hourly rates.

We informed Enplas (U.S.A.), Inc. that upon receipt of the above information, we could assist in mitigating the loss by soliciting salvage bids for the distressed goods, on terms "as is, where is, no warranty given or implied".

Subsequent to our attendance, we maintained continuous contact with the Consignee/ Claimant, Enplas (U.S.A.), Inc. and with the surveyor attending for Cargo Interest Underwriters. The following additional information was developed:

## DAMAGES

On May 31, 2006, Mr. Tim Houjyo of Enplas (U.S.A.), Inc. advised that their Quality Assurance Department had determined that the following inspection and testing would be necessary to confirm that the Plastic Automotive Parts were sound and intact, referring in particular to Carburetor Float Part No. 397716, of which 510,000 Pieces were shipped, as an example:

A) Visual Inspection for deformation of arm and outer circumference
B) Non-destructive Testing, i.e. examination by laser or ultrasound

Mr. Houjyo advised that the CIF US Cost for the Carburetor Float Part No. 397716 amounts to ¥ 23.20 = US$ 0.211 at the Rate of Exchange of ¥ 110 = US$ 1.00, whereas the aforementioned Inspection and testing would cost the following:

A) Visual Inspection:
30 Seconds per Piece @ $ 25.00/Hour (3,600 Seconds) = $ 0.208 per Piece

B) Non-destructive Testing
In excess of $ 1.00 per Piece

The foregoing Cost of Inspection and Testing of the Plastic Automotive Parts which are required to ascertain that they have remained sound and intact exceeds the CIF Invoice Value of these parts. As the parts cannot be safely utilized without such inspection and testing, it is thereby confirmed that the entire

**ENPLAS**
5620 Glenridge Drive NE ■ Atlanta, GA 30342 ■ (404) 847-4534 ■ Fax (404) 240-4832 ■ E-mail
peter_widmer@us.crawco.com
5

12

Consignment of Plastic Automotive Parts is a Constructive Total Loss due to actual or potential damages sustained in the derailment.

As regards the 220 Bags of Plastic Resins, Enplas (U.S.A.), Inc. determined that they could not use these materials for production due to actual and / or potential exposure and contamination due to the derailment and released them for sale as Salvage.

## CAUSES OF DAMAGES

Based on all available information, it is established and confirmed that the consignment in question suffered a Constructive Total Loss due to physical damages and contamination due to the derailment near Greenville, TX, as well as the subsequent handling to recover a portion of the consignment from the accident site and re-stow the cargo into a replacement container for transportation and delivery to the intended consignee.

## EXTENT OF LOSS

566 Cartons of Plastic Automotive Parts, per Enplas Corp. Invoice
No. EJ45518P dated March 20, 2006:

¥ 15,674,974.00 CIF USA
@ Interbank Rate of Exchange of 3/20/2006 =                $ 135,281.00

6 Pallets, 220 Bas of Plastic Resins, per Enplas Corp. Invoice
No. EJ45518N dated March 20, 2006:

¥ 6,420,570.00 FOB Tokyo
@ Interbank Rate of Exchange of 3/20/2006 =                $ 55,411.80

We have not been informed regarding the Freight Cost of the Resins.

### Claim-Related Expenses

We have requested but to date we have not received the cost of recovery of the derailed cargo, consisting of handling, storage and extra freight charges.

## SALVAGE

We are advised the 220 Bags of Plastic Resins were sold for Salvage against Net Proceeds of $ 1,250.00.    **ENPLAS**

## FINAL DISPOSITION OF THE DAMAGED PLASTIC AUTOMOTIVE PARTS

We are advised that Enplas (U.S.A.), Inc. disposed of and destroyed all Plastic Automotive Parts recovered from the derailment site at their premises in Marietta, GA. We were invited to attend the disposal / destruction of these parts; however our principals did not require our attendance.

We have requested a Certificate of Disposal / Confirmation of Destruction and their final Claim Statement from Enplas (U.S.A.), Inc. To date these documents have not been submitted to us.

## CARRIERS' LIABILITY

The consignment in question was transported and the loss occurred while under Yang Ming Marine Transport Corp.'s Master Intermodal Bill of Lading No. YNLUW261105283 dated March 30, 2006 from the Yokohama, Japan, Container Yard to the Atlanta, GA, Container Yard. The Bill of Lading describes the cargo as 786 Packages Autoparts. Consequently, the carriers' liability for loss of or damage to cargo is limited to $ 500.00 or the CIF Invoice Value per Package, whichever is less, in accordance with COGSA, the Carriage of Goods by Sea Act.

As the loss occurred while the consignment was in the care, custody and control of Yang Ming Marine Transport Corp.'s subcontracted carrier, the Norfolk Southern Railway Company, we suggest that recovery be pursued accordingly.

## CONCLUSIONS

Based on all available information, documentary and factual evidence, it is established and confirmed that the consignment in question sustained loss and damage due to an external, accidental cause, a derailment near Greenville, TX, on or about April 18, 2006, while the cargo was in the care, custody and control of the US Inland Carrier, the Norfolk Southern Railway Company.

This loss is accordingly submitted for the Underwriters' consideration. In accordance with our principals' instructions, we are herewith closing our file, subject to reopening the same if additional information or documentation are submitted at a later date, which would require our further handling of this claim.

Please note that all of our actions in this matter are in the capacity of surveyors, without prejudice to the rights of whom it may concern, subject to terms, conditions and valuation of the policy of Insurance.

Sincerely,

Crawford Marine & Transportation

*[signature]*

U. Peter Widmer
Senior Marine Representative

Enclosures:

- Currency Converter
- Excerpts of pertinent Correspondence, 22 Pages



## SUBROGATION RECEIPT

| CONVEYANCE: CHEROKEE BRIDGE | POLICY NO.: YY-20001077-000183 |
|---|---|
| B/L/AWB/TO #: YOLS4273480 | TMCS CLAIM NO.: NZ-006-0214 |
| CLAIMANT: ENPLAS (USA) INC. | DESCRIPTION OF GOODS: 566 CTNS, PLASTIC PARTS |
| CLAIMANT REF. NO.: INVOICE NO. EI45519P | AMOUNT: ¥147,717.00 |

TO: TM CLAIMS SERVICE, INC.

We have received from you the above noted sum in settlement of subject claim and in consideration of this payment, we hereby transfer to you all of our rights, title and interest in the cargo which was lost or damaged and hereby grant you the right to make use of our name.

We also agree to provide all documents and related correspondence that may be requested and to render all reasonable assistance in connection with any actions or proceedings undertaken by you or on your behalf including promptly executing documents including pleadings, discovery and releases. You will indemnify us against any liability for costs, charges and/or expenses arising in connection with any proceedings which you may undertake in our name.

Dated Feb. 7, 2007

Company Signature
Print
Title

**ENPLAS (U.S.A.), INC.
1901 WEST OAK CIRCLE
MARIETTA, GA 30062**

Controller

ENPLAS

EXHIBIT D
to Declaration of Anthony Smith

49

6197

**W.K. WEBSTER (OVERSEAS) LTD**
80 MAIDEN LANE 12TH FLOOR
NEW YORK, NY 10038
PH. (212) 269-8220

THE NORTHERN TRUST INTERNATIONAL
BANKING CORPORATION
NEW YORK, NEW YORK 10004
1-112-260

DEC 12TH 2007

PAY TO THE ORDER OF  TM CLAIMS SERVICE, INC          $100,000.00

ONE HUNDRED THOUSAND DOLLARS ONLY————————  DOLLARS

MEMO 10/06/11163

⑆006197⑆ ⑈026001122⑈ 11267⑆200101⑆

**EXHIBIT E**
to Declaration of Anthony Smith

10/06/11163

## RELEASE AND ASSIGNMENT

Re:   Nippon Express USA (Illinois) Inc
      WAYBILL #YOLS4273480
      "CHEROKEE BRIDGE"
      CARGO: 566 CARTONS OF PLASTIC PARTS (AUTO)
      ENPLAS CORP INVOICE # EJ45519P

For and in consideration of the sum of USD100,000.00 (One Hundred Thousand US Dollars ONLY) paid to Claimant by Nipponkoa Insurance Co. ("Nipponkoa") on behalf of Nippon Express USA (Illinois) Inc. ("Nippon Express"), the undersigned Claimant, for itself its heirs, executors, administrators, assureds, and assigns, hereby releases Nipponkoa and Nippon Express, their subsidiaries, parent corporations, agents, divisions and affiliates, including Nippon Express Co. Ltd., and the officers, directors, employees and agents of each of the same from and against any and all reason of or arising out of the incident that occurred. Claimant hereby affirms and acknowledges that it has read the foregoing release and fully understands and appreciates its effect and that this is a full, final compromise, release and settlement of all claims, demands or benefits known or unknown are hereby expressly waived by Claimant, who hereby expressly agrees that this release shall extend and apply to all unknown and known unsuspected, anticipated or disclosed, and Claimant hereby affirms that it has affixed its signature hereto voluntarily and of its own free will and accord. Claimants warrants and represents that it is the sole owner of the claims, demands, obligations and benefits set forth above and that said claims are free and clear of any liens or encumbrances. This Release does not constitute an admission of liability by Nipponkoa/Nippon Express. Claimant hereby represents that it has either consulted with legal counsel or waives its opportunity to do so.

Claimant also agrees to assign to Nipponkoa any rights of any indemnification, claims, reimbursements or actions that Claimant may have against any third parties. By relinquishing such rights, Claimant is hereby acknowledging that Claimant shall not seek to recover against any third parties and instead, such efforts shall be that of Nipponkoa in Nipponkoa's sole discretion. In the event that Claimant does recover any amounts relating to this release from any third party Claimant shall pay that amount to Nipponkoa in an amount that will satisfy Nipponkoa/Nippon Express's payment to Claimant. Should any other entity sue Nippon Express or any of the above released entities for loss or damage to cargo under the above waybill, Claimant will hold them harmless and indemnify them for all losses, expenses, and attorneys fees in connection therewith.

By signing below the undersigned warrants, represents and covenants that the undersigned has full and valid authority to enter into this settlement and release.

TM Claims Service, Inc     Stamp: _____
Claimant
By: RICHARD E. BRAGG     Signature: Richard E. Bragg
Name: RICHARD E. BRAGG
Title: ASSISTANT MANAGER, RECOVERY    Date: NOV. 15, 2007

**EXHIBIT F**
to Declaration of Anthony Smith

ENPLAS                                                                93