Paul D. Keenan (admitted *pro hac vice*)
Keenan Cohen & Howard P.C.
One Pitcairn Place
165 Township Line Rd.
Jenkintown, PA 19046
(215) 609-1110

and

Barry N. Gutterman
Gutterman & Associates
The Lincoln Building
60 East 42nd Street, 46th Floor
New York, NY 10165

*Attorneys for Defendants*

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| NIPPONKOA INSURANCE COMPANY LIMITED,<br><br>         *Plaintiff*,<br><br>- against -<br><br>NORFOLK SOUTHERN RAILWAY COMPANY<br><br>And<br><br>THE KANSAS CITY SOUTHERN RAILWAY COMPANY<br>         *Defendants*. | **NO.: 07 CIV. 10498**<br><br>**JUDGE CHIN**<br><br>**DEFENDANTS' COUNTER-STATEMENT OF UNDISPUTED MATERIAL FACTS PER LOCAL RULE 56.1** |

Defendants, Norfolk Southern Railway Company ("NSR") and Kansas City Southern Railway Company ("KCS") (collectively, "the Defendants") by and through their attorneys, Keenan Cohen & Howard P.C., hereby respond to Plaintiffs' statement of undisputed material facts per Local Rule 56.1 ("Plaintiffs Rule 56.1 Statement") and state as follow:

1. The Defendants dispute this fact as set forth in Defendants' first motion for summary judgment (Dkt. # 17), Defendants' supporting memorandum of law (Dkt. # 19), and Defendants' first statement of undisputed material facts (Dkt. # 18). By way of further response, and without waiving the arguments raised and facts alleged in the above referenced filings with this Court, Defendants do not dispute that this Court has ruled that the plaintiff has established that the Enplas and OOZX freight was delivered to NS and KCS in good condition. <u>Sompo Japan v. Norfolk Southern, et al.</u>, 2009 WL 2905458 at *6 (S.D.N.Y. 2009).

2. Not disputed.

3. Not disputed.

4. Not disputed.

5. Not disputed.

6. Not disputed.

7. Not disputed.

8. Not disputed.

9. Not disputed.

10. The Defendants do not allege that the Derailment was caused by an act of god, act of shipper, inherent vice, public enemy or public authority.

11. Not disputed.

12. The document issued by Yang Ming referenced in this allegation is a Sea Waybill. The remainder of this allegation is not disputed.

13. Not disputed.

14. The document issued by Yang Ming referenced in this allegation is a Sea Waybill. The remainder of this allegation is not disputed.

15. Not disputed.

16. Not disputed.

17. Not disputed.

18. Not disputed.

19. Not disputed.

20. The Defendants do not dispute that the miscellaneous waybill referenced in this allegation does not state on its face that the shipper has the option to choose limited liability or full Carmack liability.

21. The Defendants do not dispute that the Rules Circular referenced in this allegation does not state on its face that:

    a. "NS's liability for loss damage or delay to any shipments under this circular shall be limited to the lesser of the destination value of the cargo or $250,000."

    b. Carmack liability is not offered for any "foreign, ocean or other movement to which the statute is otherwise inapplicable."

    c. For interline shipments the Carmack option is offered only if the other rail carrier also offers Carmack for the particular shipment.

22. The Defendants do not dispute that the Rule Circular referenced in this allegation states: "On domestic moves that originate in the United States of America, shipper may, at their option, select freight loss and damage liability provisions set forth in 49 U.S.C.A. Section 11706 (Carmack) as explained in this item. If 49 U.S.C.A. Section 11706 (Carmack) is not selected, the liability provision of this item will govern." Any further characterization of the Rules Circular contained in this allegation is denied.

23. Denied. The Intermodal Transportation Agreement ("ITA") referenced in this allegation was entered into for purposes of governing numerous shipments which would occur in the future and throughout the term of the ITA, including the shipments at issue. In fact, this Court has held that the ITA covered all movement between the Yang Ming Marine Transport and defendants NS and KCS. Sompo Japan v. Norfolk Southern, et al., 540 F. Supp. 2d 486, 499 (S.D.N.Y. 2008) ("Partial MSJ Opinion"). It is not disputed that the ITA was drafted before the bills of lading for the shipments at issue were generated.

24. Not disputed. In fact, this Court has held that NS and KCS "were not in a position to make an offer of full Carmack liability to the merchants, as they had no contracts or direct contact with them." This Court further held that "the parties contracting directly with the insureds and the rail carriers and the entities best suited to make the full Carmack offer [are] -- the shipping companies [i.e. Yang Ming or Nippon Express]." Partial MSJ Opinion, 540 F. Supp. 2d 486, 500 (S.D.N.Y. 2008).

25. The Partial MSJ Opinion was issued by this Court in a separate matter relating to the same derailment, namely, Sompo Japan v. Norfolk Southern, et al., No.: 1:07-cv-02735-DC (S.D.N.Y. 2008) ("the Sompo Case").

26. In the Sompo Case defendants filed a memorandum of law in opposition to plaintiff's motion for partial summary judgment. Dkt. # 18 in the Sompo Case. In that memorandum of law defendants argued, inter alia, that an action could not be maintained under Carmack. Id.

27. In the Sompo Case this Court heard oral argument with respect to plaintiff's motion for partial summary judgment. Dkt. # 33 in the Sompo Case; a copy of the transcript of that oral argument is attached hereto as exhibit "A"; Exhibit A, p. 1. During oral argument

4

defendants argued, *inter alia*, that an action could not be maintained under Carmack. Exhibit A, pp. 16, 21, 23, 25-38.

28. In the Sompo Case this Court issued an order and opinion granting plaintiff's motion for partial summary judgment, *i.e.*, the Partial MSJ Opinion. Dkt. # 38 in the Sompo Case.

29. In the Sompo Case defendants filed a motion for reconsideration of the Partial MSJ Opinion (Dkt. # 39 in the Sompo Case) and memorandum of law in support of that motion (Dkt. # 40 in the Sompo Case). In that motion and memorandum of law defendants argued, *inter alia*, that an action could not be maintained under Carmack. Id.

30. In the Sompo Case defendants filed a reply memorandum of law in support of their motion for reconsideration of the Partial MSJ Opinion. Dkt. # 43 in the Sompo Case. In that memorandum of law defendants argued, *inter alia*, that an action could not be maintained under Carmack. Id.

31. In the Sompo Case this Court issued an order and opinion denying defendants motion for reconsideration of the Partial MSJ Opinion. Dkt. # 44 in the Sompo Case.

32. In the Sompo Case defendants filed a notice of appeal with respect to: (1) the Partial MSJ Opinion, and; (2) this Court's order and opinion denying defendants motion for reconsideration of the Partial MSJ Opinion. Dkt. # 74 in the Sompo Case.

33. In the instant case, defendants filed a motion for summary judgment (Dkt. # 28) and memorandum of law in support of that motion (Dkt. # 30). In that motion and memorandum of law defendants argued, *inter alia*, that an action could not be maintained under Carmack. Id.

34. The Defendants incorporate by reference the allegations set forth in Defendants' first statement of undisputed material facts (Dkt. # 18) filed in this matter as if set forth fully herein.

Respectfully submitted,

**KEENAN COHEN & HOWARD P.C.**

By: /s/ Paul D. Keenan
Charles L. Howard (*pro hac vice*)
Paul D. Keenan (*pro hac vice*)
One Pitcairn Place
165 Township Line Road, Suite 2400
Jenkintown, PA 19046
Telephone: (215) 609-1110
Facsimile: (215) 609-1117
E-mail: choward@freightlaw.net

and

Barry N. Gutterman
Gutterman & Associates
The Lincoln Building
60 East 42nd Street, 46th Floor
New York, NY 10165

Attorneys for Defendants
Norfolk Southern Corporation, Norfolk Southern Railway Company and Kansas City Southern Railways

Dated: November 6, 2009

## CERTIFICATE OF SERVICE

I, the undersigned counsel, hereby certify that on November 6, 2009, a true and correct copy of the foregoing Defendants' Counter-Statement of Undisputed Material Facts Per Local Rule 56.1 was filed electronically. Notice of this filing will be sent to the following party, listed below, by operation of the Court's electronic filing system. Parties may access this filing through the Court's system.

>David T. Maloff, Esquire
>Thomas M. Eagan, Esquire
>MALOFF BROWNE & EAGAN LLC
>411 Theodore Fremd Avenue, Suite 190
>Rye, New York 10580-1411
>
>*Attorneys for Plaintiffs*

By:     /s/ Paul D. Keenan
       Paul D. Keenan (*pro hac vice*)